UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VAZGEN PAPIKYAN,                        )     NO. CV 02-3559-MAN
                                        )
              Plaintiff,                )
                                        )     MEMORANDUM OPINION AND ORDER
         v.                             )
                                        )
                                        )
JO ANNE BARNHART,                       )
Commissioner of the                     )
Social Security Administration,         )
                                        )
              Defendant.                )
_____)

    Plaintiff filed a motion for an award of attorney fees under the
Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(B), in the
amount of $5,779.00, on September 8, 2003.  On September 29, 2003,
Defendant filed an opposition, requesting that Plaintiff's EAJA fees be
reduced to $2,838.05.  Plaintiff filed a response on October 7, 2003.


                   SUMMARY OF ADMINISTRATIVE PROCEEDINGS


    Plaintiff's case has had a long procedural history.  Plaintiff
filed his current application for supplemental security income benefits

("SSI") on December 7, 1992.  (Administrative Record ("A.R.") 67-70.)
Plaintiff's date of birth is November 20, 1974, and he claimed to have
been disabled since 1977, due to the abdominal pain arising from
Familial Mediterranean Fever ("FMF"), a genetic disease from which
Plaintiff suffers, as well as depression.[1]  (A.R. 67-71.)  After
Plaintiff sought review of the August 24, 1995 decision denying his
claim for SSI by Administrative Law Judge J. Leeds Barroll, which the
Appeals Council subsequently affirmed, Plaintiff sought review of that
decision in this Court.  On December 3, 1998, the Honorable Stephen V.
Wilson remanded this case for further administrative proceedings after
adopting the Court's Report and Recommendation of the undersigned
Magistrate Judge (the "1998 Order").  (A.R. 372-92.)

After Plaintiff's claim was remanded, Administrative Law Judge
David Agatstein held a hearing regarding Plaintiff's claim, and two
further headings were conducted by Administrative Law Judge James
Goodman (the "ALJ").  (A.R. 259-80, 281-317, 318-70.)  The ALJ denied
benefits in a March 12, 2001 written decision, which the Appeals Council
subsequently affirmed.  (A.R. 241-47, 225-26.)

Plaintiff sought review of that decision in this Court, and the
parties filed a Joint Stipulation on December 13, 2002.  In a Memorandum
Opinion and Order and Judgment dated August 12, 2003 (the "2003 Order"),
the Court remanded Plaintiff's case.

---

[1]     Because Plaintiff filed his SSI application at age 18, he only
sought adult benefits.  (A.R. 308.)

2

**DISCUSSION**

Under the EAJA, the prevailing party is entitled to attorney's fees where the position of the government was not "substantially justified," and no "special circumstances" make an award of attorney's fees unjust. 28 U.S.C. § 2412(d)(1)(A).

**A.   <u>Prevailing Party</u>**

Plaintiff raised a number of arguments in the Joint Stipulation, relating to the following issues:  1) whether the ALJ properly found that Plaintiff's FMF was not disabling, and properly rejected the opinions of his treating physicians pertaining to his FMF; 2) whether the ALJ properly rejected Plaintiff's claimed mental impairment; 3) whether the record contained sufficient "other evidence" proving Plaintiff's disability; and 4) whether the ALJ erred in rejecting Plaintiff's subjective complaints.  Plaintiff also requested that ALJ Goodman be disqualified from hearing his case on remand.  (Joint Stip. at 13, 43.)

In the 2003 Order, the Court found that the ALJ did not err in rejecting the opinions of Dr. Ter-Zakarian, Plaintiff's treating physician, but should clarify the testimony of the medical expert, Dr. Brown, regarding the severity and frequency of Plaintiff's FMF attacks between 1992 and 1994, and explain whether Plaintiff was disabled during this period.  (2003 Order at 9-10, 13.)  The ALJ was directed to reevaluate whether Plaintiff was disabled on or after 1999.  (*Id*.)  In addition, the ALJ was directed to further develop the record regarding

3

Plaintiff's claimed mental impairment, and to reevaluate the finding that Plaintiff had no "severe" mental impairment. (2003 Order at 15.)

However, the Court rejected Plaintiff's arguments that "other" evidence demonstrated his disability. (2003 Order at 17.) The Court further found that the ALJ properly disregarded Plaintiff's subjective pain testimony. (2003 Order at 20.) In addition, the Court denied Plaintiff's request to disqualify ALJ Goodman. (2003 Order at 21-22.)

Accordingly, Plaintiff is a "prevailing party" within the meaning of the EAJA. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 2631 (1993). However, Plaintiff only prevailed on some, but not all arguments presented to the Court in the Joint Stipulation before obtaining the judgment of remand.

**B.   <u>Substantial Justification</u>**

In <u>Pierce v. Underwood</u>, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988), the term "substantially justified" was defined as "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue."

Defendant argues that she was "substantially justified" in her defense of the underlying case. Defendant's arguments are partially, but not entirely, persuasive. Defendant maintains that the ALJ had met

4

1   its duty to develop the record by seeking the assistance of two medical
2   experts, as well as by sending Plaintiff for additional consultative
3   examination.   Defendant further contends that, based on the assistance
4   of these medical advisors, the Commissioner's position had a "reasonable
5   basis in law in fact" in determining that Plaintiff could work and did
6   not have a "severe" mental impairment.   (Def.'s Opp. at 4-5.)

8        For Defendant to prevail in her argument that the Government's
9   position was substantially justified, she must establish that the
10  position "was substantially justified on the whole, considering, first,
11  the underlying conduct of the ALJ . . . and, second, its litigation
12  position defending the ALJ's error."   Gutierrez v. Barnhart, 274 F.3d
13  1255, 1259 (9th Cir. 2001).

15       The Court disagrees that Defendant's position was "substantially
16  justified on the whole," under Gutierrez.   As set forth in the 2003
17  Order, the Court found that the ALJ properly rejected the opinions of
18  Plaintiff's treating physician, Dr. Ter-Zakarian, that Plaintiff was
19  disabled by FMF, and that the ALJ was not required to further develop
20  the record regarding the bases for Dr. Ter-Zakarian's opinion.   (2003
21  Order at 9.)   However, the Court found that the testimony of Dr. Brown,
22  the medical expert, upon which the ALJ relied, did not constitute
23  substantial evidence upon which to base a denial of disability due to
24  Plaintiff's FMF.   Thus, in remanding the case with respect to the
25  consideration of evidence regarding Plaintiff's FMF, the Court carefully
26  instructed:

28            On remand, the ALJ may need to clarify that portion of

Dr. Brown's testimony regarding the severity and frequency of Plaintiff's attacks between 1992 and 1994, and explain, in accordance with the applicable legal standards, why Plaintiff was not disabled during this period, or some portion of it, if such an explanation exists.  It is possible that Plaintiff should be awarded benefits for a closed period of disability commencing some time in 1992 and ending some time in 1993 or 1994, if the ALJ adopts Dr. Brown's testimony regarding Plaintiff's condition during this time period.

Further, the Court notes that Plaintiff was treated by Dr. Ter-Zakarian six times **in 1995.**  The number of Plaintiff's visits to Dr. Ter-Zakarian in 1995 exceeds the number of visits to any treating source by Plaintiff during each of the years 1992, 1993, and 1994.  In view of the significant number of visits by Plaintiff to Dr. Ter-Zakarian in 1995, the ALJ also should examine whether Plaintiff was disabled during any portion of 1995.  In addition, in view of Plaintiff's several visits to Dr. Ter-Zakarian in **1999**, following a hiatus in his visits to Dr. Ter-Zakarian from 1996 to 1998, the ALJ should examine whether Plaintiff was disabled on or after 1999.

(2003 Order at 12-13.)

The Court further held that remand was required with respect to Plaintiff's claimed mental impairment, which the ALJ had found to be not "severe."  Especially in view of the minimal standard for finding "severity" under the Social Security regulations, and the 1993 report of

Dr. Khang Nguyen indicating that Plaintiff may have mental health problems, the Court directed the ALJ to develop the record by ordering a supplemental psychiatric examination with more in-depth psychiatric testing. (2003 Order at 15-16.) *See also* <u>Gutierrez</u>, 274 F.3d at 1259-60 (rejecting government's position that it was "substantially justified" in defending a case of first impression where the ALJ failed to fill out and attach a psychiatric review technique form required by regulation in disability cases).

However, the Court agrees that Defendant was "substantially justified" in defending against Plaintiff's arguments that the ALJ erred in finding that "other objective evidence" demonstrated Plaintiff's disability and in rejecting Plaintiff's credibility. Specifically, the Court rejected Plaintiff's contention that his 71 excused absences from school were due to FMF and demonstrated that Plaintiff was disabled, noting that "[i]t is impossible to ascertain from the school attendance records before the Court whether Plaintiff was unable to attend school due to his FMF, or whether he simply lacked the desire to do so." (2003 Order at 17, citing A.R. 203-04 and <u>Nyman v. Heckler</u>, 779 F.2d 528, 530 (9th Cir. 1986).) In addition, the Court found that the ALJ complied with the previous 1998 Order in rejecting Plaintiff's credibility, noting that "[the ALJ] has cited more than sufficient evidence affirmatively suggesting that Plaintiff is a malingerer." (2003 Order at 20.)

Furthermore, Defendant was "substantially justified" in opposing Plaintiff's request for disqualification of ALJ Goodman. As explained in the 2003 Order, "Plaintiff has not shown that the ALJ has a conflict

7

of interest, was biased against Plaintiff, or is unable to fairly assess the evidence regarding his claim." (2003 Order at 20-21.)

C.   **Reasonable Attorneys' Fees**

28 U.S.C.A. § 2412(d)(2)(A) limits attorneys' fees to "reasonable fees." The Court must determine what fees are "reasonable attorney fees" for the work performed in this case. 28 U.S.C. § 2412(d)(2)(A). Plaintiff has the burden of proving by clear and convincing evidence, including proper documentation, that the hours claimed were reasonably expended and not "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983); *see* Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001)(noting applicability of Hensley to social security cases).

1.   **Hourly Rate**

28 U.S.C.A. § 2412(d)(2)(A)ii provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

In his motion, Plaintiff's counsel requests that his fees be based upon an hourly rate of $143.43 per hour.[2] Defendant does not contest

---

[2]   The Court recognizes that Plaintiff identified two different hourly rates, $144.43 per hour (Pl.'s Mot. at 4-5), and $144.90 per hour (Pl.'s Pet. at 7). For the purposes of this Memorandum Opinion and

8

this billing rate.   Considering both a cost of living increase and Defendant's lack of opposition to Plaintiff's hourly rate, the Court accepts the claimed hourly rate of Plaintiff's counsel as "reasonable."

### 2.   Reasonableness Of The Hours

Plaintiff requests an award of fees for 39.65 hours of services at $144.43 per hour for a total of $5,745.28, and .5 of clerical services at $67.45 per hour for $33.22.[3]  (Pl.'s Pet. at 4.)  The Declaration of John Ohanian ("Ohanian Decl.") attached to Plaintiff's motion shows that Plaintiff's counsel spent 35 hours "[writing] Plaintiff's Joint Stipulation."  (Ohanian Decl. at 6.)

Defendant argues that Plaintiff's claim for EAJA fees based on 39.65 hours is not reasonable.  Specifically, Defendant contends that the 35 hours to write Plaintiff's portion of the Joint Stipulation, as set forth in the Ohanian Decl., was "unreasonable," in view of the specialized knowledge of Plaintiff's counsel in the field of social security disability. (Def.'s Opp. at 7.)  Defendant therefore requests that it is only reasonable to award Plaintiff's counsel 19.65 hours at the rate of $144.43 per hour, for a total amount of $2,838.05.  (Def.'s Opp. at 8.)

Although Plaintiff is a "prevailing party," as noted in Hensley,

---

Order, the Court uses the lower rate of $144.43.

[3]   The Court notes that 39.65 hours billed at $144.43 is $5,726.65, not $5,745.28.

this finding only brings Plaintiff "across the statutory threshold," and the reasonableness of the fees remains to be decided by the Court. *See* Hensley, 461 U.S. at 433.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Id.*  As further interpreted by the Ninth Circuit in Sorenson, Hensley "sets out a two-step process for analyzing a deduction for 'limited success.'  The first step is to consider whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded.'" Sorenson, 239 F.3d at 1147 (citing Hensley, 461 U.S. at 434).  "Claims are 'unrelated' if they are 'entirely distinct and separate' from the claims on which the plaintiff prevailed. (Citation omitted). *Hours expended on unrelated, unsuccessful claims should not be included in an award of fees*." *Id*. (emphasis added).

The second step in the Hensley analysis requires consideration of "whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" Sorenson, 239 F.3d at 1147 (quoting Hensley, 461 U.S. at 434).  A fee reduction is not warranted merely because Plaintiff did not prevail on every argument.  Hensley, 461 U.S. at 435, 103 S. Ct. at 1933.  Rather, the focus should be "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.  For instance, in Sorenson, the Ninth Circuit affirmed the district court's denial of a fee reduction, as all of the plaintiffs' claims were related and the plaintiffs had achieved an "excellent result" at the end of eight years of litigation that "[brought] about a common good" of improvement in the disability

determination system in Oregon.   239 F.3d at 1140.

As detailed above, the resolution of Plaintiff's case essentially involved five issues.   The first concerned the disabling nature of Plaintiff's claimed physical impairment, FMF.   The second issue was the whether the ALJ had erred in evaluating Plaintiff's mental impairment. The third issue was whether "other evidence" proved that Plaintiff was disabled.   The fourth issue related to whether the ALJ appropriately rejected Plaintiff's credibility.   The fifth issue pertained to whether ALJ Goodman should be disqualified.   Plaintiff prevailed on two of these issues.

Clearly, Plaintiff's primary objective was to obtain a reversal of the ALJ's finding that Plaintiff was not disabled.   Critically, and most significantly, Plaintiff did achieve this.   However, the case was remanded on several limited bases, as Plaintiff succeeded on only two of the five issues set forth in his Joint Stipulation.   The Court further notes that, notwithstanding the expertise of Plaintiff's counsel in the field of social security disability litigation, Plaintiff's arguments in the 46-page Joint Stipulation were difficult to follow and circuitous and, in some instances, not supported by appropriate case authority or record citations.   (*See, e.g.*, 2003 Order at 21 (noting that the cases cited by Plaintiff to support his argument for disqualification did not support his argument).)   In addition, the Court finds the documentation of the hours expended in preparation of the Joint Stipulation to be less than fully adequate.   <u>Hensley</u>, 461 U.S. at 433, 103 S. Ct. at 1939 (""Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

1    Reducing the EAJA fees by calculating the hours expended on
2    Plaintiff's arguments pertaining to successful issues from 35 hours to
3    28 hours, or 20 percent, constitutes a reasonable and appropriate
4    downward adjustment of hours expended in researching and drafting the
5    Joint Stipulation under the EAJA.  Thus, the Court calculates the total
6    amount of EAJA fees based on researching and drafting the Joint
7    Stipulation by Plaintiff's counsel to be $4,044.04.  However, the Court
8    will add to the total EAJA award the .5 hours of clerical work billed at
9    $33.72, as well as the 4.65 of other attorney hours expended in other
10   aspects of the litigation noted in the Ohanian Decl. billed at $671.16,
11   the combined total of which equals $704.88.[4]  The Court therefore finds
12   that Plaintiff is entitled to a total EAJA award of $4,748.92.

13

14   Accordingly, taking into consideration the fact that Plaintiff was
15   only partially successful, the relative significance of the relief
16   obtained versus Plaintiff's pursuit of unsuccessful issues, the quality
17   of Plaintiff's pleadings, and the quality of the documentation of the
18   hours expended on preparation of the Joint Stipulation, the Court finds
19   that the number of hours claimed for preparation of the Joint
20   Stipulation of 35 hours should be reduced to 28.  Adding in the
21   remaining attorney and clerical hours, Plaintiff shall receive a total
22   EAJA award of $4,748.92.

23

24

---

25       [4]    The Court does not find persuasive Defendant's arguments that
     Plaintiff's counsel inappropriately billed for clerical or paralegal
26   tasks, as the Ohanian Decl. shows that the remaining 4.65 hours were
     expended performing appropriate tasks in conducting this litigation,
27   including reviewing and preparing litigation documents, speaking with
     the client about this case, and preparing the instant motion. (*See*
28   Ohanian Decl. at 6-7.)

1

**CONCLUSION**

2

3      Based upon the foregoing considerations, the Court finds and

4  concludes that the $5,779.00 in fees sought by Mr. Ohanian is

5  unreasonable, and that a reduction of that fee is warranted.   Mr.

6  Ohanian shall be awarded $4,748.92 in EAJA fees under 28 U.S.C. §

7  2412(d)(2)(B).

8

9  DATED: May 18, 2006

10                                    _____/s/_____

11                                    MARGARET A. NAGLE
                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28